Bergan, J.
For many years claimant was a weaver. In October, 1946, he had a gall "bladder condition which required a surgical operation. In the course of his treatment it was *605 then found that he was suffering diabetes mellitus and arteriosclerosis. There is medical opinion in the record that such a condition constitutes a permanent physical impairment.
Five months after the operation, in March, 1947, claimant returned to work and it has been found that he asked for different work from weaving because of his eyesight. He was given a job collecting bobbins in which work, on July 1, 1947, he slipped and bruised his right great toe. Partly because of the pre-existing physical condition, an amputation of the right leg above the knee was necessary.
Appellants contend that they should be reimbursed for a part of the award by the Special Disability Fund under subdivision 8 of section 15 of the Workmen’s Compensation Law, as added by chapter 872 of the Laws of 1945. This statute declared it the public policy of the State to encourage the employment of persons suffering permanent physical impairment, which it expressly defined as a permanent condition due, among other things, to disease which may be likely to be a hindrance or obstacle to employment (par. b).
Where an industrial disability arises which is made materially greater due to such a pre-existing permanent physical impairment, the employer or insurance company shall be reimbursed for compensation payments made after the first 104 weeks of disability (par. d).
The board has found, upon substantial evidence in the record, and therefore under conditions which this court has no power to disturb, that neither the claimant .nor the employer had knowledge of the gravity of the physical condition of the claimant when he returned to work and it found, upon similarly based evidence, that the change in the nature of the work was not made because of a permanent physical impairment.
Therefore, while the existence of a physical condition, which it is undisputed would constitute a permanent physical impairment, is found at the time the change in employment was made, there is a specific finding that this was not then known to either employee or employer, and there is presented on this appeal the question whether this knowledge is necessary.
The statute does not in express terms require that the parties know of the existence of the permanent physical impairment. But the knowledge on the part of the employer, though not necessarily of the employee,' is required by the implication of the statutory formula.
*606 The crucial times when the possession of such knowledge in the employer is important, are either when the employee is hired initially, or when the employment is continued with or without a change in its character, after there has been a permanent physical impairment.
That knowledge by the employer of the impairment, arising either from its obvious nature or from actual knowledge of a latent impairment, is essential is suggested by the fact the Legislature would have no need to encourage the employment of persons whose impairments are so obscure as not to be apparent, because they would meet no special barriers to general employment. This intention becomes clearer in analyzing the legislative language. The disabilities that come within the definition are not merely those that are permanent, but those that also are or may be likely to hinder employment or be an obstacle to employment.
This necessarily requires an informed decision one way or the other by a present or prospective employer. The whole purpose of the statute is to encourage the employment of persons known to be physically handicapped.
There is some proof that the employer knew that claimant had “ diabetes ” but there is no proof that it was known that the specific nature of the diabetes and the other conditions suffered were such as to amount to a permanent impairment, or that the employer acted in continuing the employment on any such knowledge. On the whole record the board was not required to find this but could have found, as it did, the fact to be the other way.
The decision and award should be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Heffernan, Brewster and Coon, JJ., concur.
Decision and award affirmed, with costs to the Workmen’s Compensation Board.